**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES FLETCHER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11 CV 7173 |
| ALLY FINANCIAL INC, f/k/a GMAC Inc., | ) ) ) ) | JUDGE GARY FEINERMAN MAGISTRATE JUDGE MARIA VALDEZ |
| Defendant. | ) | |

**MOTION TO DISMISS COMPLAINT UNDER
RULE 12(b)(6); OR IN THE ALTENATIVE, UNDER RULE 12(b)(1)**

NOW COMES defendant, Ally Financial Inc., formerly known as GMAC, Inc. (hereinafter, "Ally"), by its undersigned counsel, and as its motion to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6); or in the alternative, under Fed.R.Civ.P. 12(b)(1), states as follows:

1. The complaint arises out of Ally's filing of a complaint in the Circuit Court of Cook County, for replevin against Charles Fletcher, the plaintiff herein, with respect to a 2008 Buick Lucerne. The circuit court entered a replevin order. A sheriff's deputy then executed on the replevin order. The circuit court later entered a final possession order, and after that, a deficiency judgment, which was the final order in the case. Plaintiff never appeared in the case.

2. Plaintiff alleges that he was not properly served with the complaint for replevin, despite also alleging that process was served at his house, on his mother, who lives with Plaintiff. Plaintiff further complains that, prior to the entry of the replevin order, an individual knocked loudly on his door on multiple occasions and once requested the keys to the car, and that after the entry of the replevin order, the lock on his garage was broken during the execution of the replevin order.

3. Based on these allegations, Plaintiff purports to assert five causes of action against Ally: Count I based on alleged improper service of the complaint for replevin; Count II alleging that the sale of the car was commercially unreasonable; Count III alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2, *et seq.* (the "CFA") based on Plaintiff's conclusion that there was a breach of the peace; Count IV alleging conversion based on the repossession; and Count V alleging a violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") based on the same alleged breach of the peace.

4. Each of Plaintiff's claims is barred by the doctrine of *res judicata*.

5 If any of Plaintiff's claims are not barred by the doctrine of *res judicata*, then the Court should, under the *Rooker-Feldman* doctrine, decline to exercise jurisdiction to, in effect, set aside or review the circuit court's orders.

6. In addition, Counts I, III, IV and V fail to state a claim upon which relief can be granted. Count I fails because Plaintiff merely concludes that service was improper, while also alleging facts that abode service in accordance with Illinois law was effectuated. Count III fails because Plaintiff fails to allege any unfair or deceptive act by Ally. At most, Plaintiff seeks to challenge the sufficiency of process, and even then he fails to sufficiently allege improper service. Count IV fails because Ally did not convert the car; the car was repossessed through judicial order, which was executed by the sheriff's office. Thus, Ally did not exercise "unauthorized" control over the car. Moreover, Ally's conduct, which was in accordance with the replevin order, was therefore privileged. Count V fails to state a claim because Ally is not a "debt collector" within the meaning of the FDCPA.

7. Finally, if any state-law claims survive the foregoing grounds for dismissal, this Court should decline to exercise supplemental jurisdiction over such state-law claims and should accordingly dismiss such claims without prejudice

WHEREFORE, defendant, Ally Financial Inc., formerly known as GMAC, Inc., requests the Court to: (a) dismiss the complaint with prejudice under Rule 12(b)(6) based on *res judicata*; (b) in the alternative, dismiss any claims which are not barred under Rule 12(b)(1), based on *Rooker-Feldman*; (c) in the alternative to subparts (a) and (b) above, dismiss Counts I through V for failure to state a claim upon which relief can be granted; (d) to the extent of any remaining claims, decline to exercise supplemental jurisdiction and dismiss such claims without prejudice; and/or (e) enter such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    ALLY FINANCIAL INC., f/k/a GMAC INC.

    By: */s/ Adam L. Saper*
          One of Its Attorneys

Adam L. Saper, ARDC 06256627
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000
fax: (312) 704-3001